653 So.2d 816 (1995)
Sylvia BROUSSARD, Plaintiff-Appellant,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA, Defendant-Appellee.
No. 94-1445.
Court of Appeal of Louisiana, Third Circuit.
April 5, 1995.
*817 Mark G. Artall, Lafayette, for Sylvia Broussard.
Julius Willis Grubbs Jr., New Iberia, for National Union Fire Ins. Co. of Louisiana.
Before THIBODEAUX, DECUIR and AMY, JJ.
THIBODEAUX, Judge.
The plaintiff, Sylvia Broussard, appeals the trial court's judgment which denied her penalties and attorney's fees for her insurance company's failure to pay certain property damage and living expense claims within thirty days of receipt of proof of loss under La.R.S. 22:658.
Because the record amply supports the trial court's ruling, we affirm.

ISSUE
The issue presented for review is whether Ms. Broussard's homeowner's insurer was arbitrary and capricious in denying Ms. Broussard penalties and attorney's fees for its failure to pay certain claims within thirty days of receipt of proof of loss.

FACTS
On August 25, 1992, Sylvia Broussard's home in Loreauville was damaged by Hurricane Andrew. The roof and water well were damaged; the contents were also water damaged. National Union Fire Insurance Company does not dispute coverage.
Ms. Broussard and her four children could not live in their home from August 25, 1992, until January 31, 1993. During this time, Ms. Broussard and her children lived with her mother, Ms. Leona Broussard. Ms. Broussard paid her mother fifty dollars per day for the use of her home.
The day after the hurricane, Ms. Broussard contacted National Union to notify it of the damage to her home and to request money for repairs. On September 7, 1992, a National Union representative, Ms. Vanlandingham, went to the Broussard home to assess the damage. Ms. Vanlandingham took pictures of the house and contents and noted the water well was damaged. National Union issued a check for $2,000.00 for the water well damage on September 8, 1992.
For the next two weeks, Ms. Vanlandingham was out of town and could not be reached by telephone. Ms. Vanlandingham prepared a report on October 21, 1992, which estimated the undisputed damage to the Broussard home at $6,100.00. On October 21, 1992, Ms. Broussard's contractor, Alvin George, prepared an estimate of $13,446.00 to repair her home.
On November 11, 1992, Ms. Broussard's attorney wrote a demand letter to National Union requesting $13,446.00 for property damage and additional living expenses of fifty dollars per day. On November 19, 1992, Darrell Bizette, property claims manager for National Union, received the adjustor's estimate and Ms. Broussard's demand letter. On November 24, 1992, National Union issued checks totalling $6,512.00 to Ms. Broussard.
*818 Darrell Bizette said he disputed Ms. Broussard's claim of $50.00 per day for additional living expenses because her insurance policy required receipts for such expenditures. Ms. Broussard was supposed to provide receipts for her claim of additional living expenses. There was a notation in the file which indicated that the Broussards could return home after the water well was repaired. Based on these disputed portions of her claims, Mr. Bizette felt Ms. Broussard was only eligible for the fair rental value of her property, which he determined to be $30.00 per day or $900.00 per month. In January, 1993, National Union issued Ms. Broussard a check for additional living expenses based on $30.00 per day.
National Union eventually paid $13,571.00 for property damage to Ms. Broussard's home. The repair work was completed, and the Broussards returned to their home on January 31, 1993.
The trial judge determined Ms. Broussard was eligible for additional living expenses of $50.00 per day. He did not award penalties or attorney's fees based on the insurance company's failure to pay Ms. Broussard's claims within thirty days.

LAW AND DISCUSSION
La.R.S. 22:658 provides that all insurers shall pay the amount of any claim due any insured within thirty days of satisfactory proof of loss from the insured. Insurers are liable for penalties when the failure to make payment within thirty days after demand and satisfactory written proof of loss is found to be arbitrary and capricious, or without probable cause.
This statute is penal and must be strictly construed. The burden is on the claimant to prove lack of probable cause, arbitrariness, or capriciousness. Sibley v. Insured Lloyds, 442 So.2d 627 (La.App. 1st Cir.1983).
A fact finder's conclusion regarding statutory penalties and attorney's fees is in part a factual determination which should not be disturbed unless it is manifestly erroneous. Cameron State Bank v. American Emp. Ins. Co., 401 So.2d 1090 (La.App. 3rd Cir.), writ denied, 409 So.2d 674 (1981); LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3rd Cir.1990), writ denied, 575 So.2d 391 (1991).
Where there is reasonable disagreement between the insured and the insurer as to the amount of a loss, the insurer's refusal to pay is not arbitrary, capricious, or without probable cause, and failure to pay within the statutory delay does not subject the insurer to penalties. However, if part of a claim for property damage is not disputed, failure of the insurer to pay the undisputed portion of the claim within the statutory delay will subject the insurer to liability for penalties on the entire claim. To avoid the imposition of penalties and attorney's fees, the insurer must unconditionally tender to the insured that part of the claim for which there is no dispute. Sibley, 442 So.2d at 632.
We note National Union made tender of the undisputed portion of property damage to Ms. Broussard within the time allowed by statute after proof of loss. After receiving the demand letter on November 13, National Union issued a check for the undisputed portion on November 24. Furthermore, the estimate prepared by the adjusting company on October 21 was received by National Union on November 19, only five days before it authorized payment of the undisputed claim.
National Union's dispute of Ms. Broussard's claim for additional living expenses was not arbitrary or capricious. Her policy required documentation, and the insurance company withheld payment pending further documentation. While we agree with the trial judge's award to Ms. Broussard of additional monies for living expenses, we do not find this entitles her to penalties or attorney's fees.
In this case we find no arbitrary and capricious behavior on the part of National Union. The trial judge's ruling had a reasonable basis and is amply supported by the record. His decision is not manifestly erroneous. Penalties under 22:658 are not automatically due when an insurer fails to pay within thirty days; the burden is on the insured to *819 show this refusal was arbitrary, capricious, or without probable cause.

DECREE
For the above reasons, we affirm the trial court's ruling. All costs of this appeal are assessed to Ms. Broussard.
AFFIRMED.