775 So.2d 27 (2000)
U.S. FIDELITY & GUARANTY CO., et al.
v.
Sheiks Javaid HUSSAIN, et al.
Hibernia National Bank
v.
Sheik's Oriental Rugs, Inc., et al.
Javaid Hussain, et al.
v.
Boston Old Colony Insurance Company.
Nos. 99-CA-2515, 99-CA-2516, and 99-CA-2517.
Court of Appeal of Louisiana, Fourth Circuit.
August 2, 2000.
Writ Denied November 13, 2000.
*28 Glen A. Woods, and Steven J. Rando, Law Offices Of Steven J. Rando, L.L.C., New Orleans, Louisiana, Counsel for Plaintiff-Appellee.
David E. Walle, John W. Waters, Jr., Ralph G. Breaux, Bienvenu, Foster, Ryan & O'Bannon, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Corinne Ann Morrison, James C. Young, Douglas L. Grundmeyer, Chaffe, McCall, Phillips, Toler & Sarpy, New Orleans, Louisiana, Counsel for Plaintiff-Appellee Hibernia National Bank.
Court composed of Chief Judge ROBERT J. KLEES, Judge DENNIS R. BAGNERIS, Sr., and Judge MICHAEL E. KIRBY.
KLEES, Chief Judge.
Both the plaintiffs and defendant appeal the trial court's judgment granting a directed verdict in favor of plaintiffs, Hibernia National Bank, and Javaid Hussain d/b/a Sheiks Oriental Rugs, et al., and against defendant Boston Old Colony Insurance Company. For the following reasons, we affirm.
On September 10, 1991, a fire occurred at 309 Chartres Street in the City of New Orleans. The fire destroyed the inventory of plaintiff Javaid Hussain d/b/a Sheiks Oriental Carpet ("Hussain"). The inventory was insured by Boston Old Colony Insurance ("Boston Old Colony") in the amount of $500,000.00. Hussain's insurance policy also named Hibernia National Bank ("Hibernia") as a loss payee.[1] However, Boston Old Colony refused to pay any part of proceeds of the policy to either Hibernia or Hussain because it claimed that the fire resulted from or at the direction of Hussain.
Hibernia filed suit against Sheik's Oriental Rugs, Javaid Hussain, Raoof Hussain, and Boston Old Colony to recover the unpaid balance on the promissory note and mortgage and for a declaratory judgment on coverage under the Boston Old Colony insurance policy.[2] Hussain and Sheik's Oriental Rugs also filed suit against Boston Old Colony seeking payment under the insurance policy. The cases were consolidated for trial.
On January 19, 20, and 21, 1999, a jury trial was conducted. At trial, the parties stipulated that (1) on September 10, 1991, a fire took place at a business establishment known as Sheik's Oriental Rugs, which was owned by Javaid Hussain, (2) that the fire was intentionally set, (3) that Boston Old Colony had a policy of insurance covering the contents of the building, (4) that Hibernia is a loss payee, and (5) that Hibernia will recover only if judgment is in favor of Javaid Hussain. At the close *29 of Boston Old Colony's evidence, and prior to the plaintiffs' rebuttal, the trial court granted Hibernia's motion for a directed verdict and entered judgment for Hussain and Hibernia in the amount of $500,00.00 plus interest. The trial court denied the plaintiffs' claims for penalties and attorney's fees for Boston Old Colony's bad faith and arbitrary and capricious failure to pay the claim. In granting plaintiffs' directed verdict motion, the trial judge stated:
In order to prove the defense of arson by circumstantial evidence, the Court feels that the insurer had to exclude every reasonable hypothesis but that the plaintiff is responsible for the fire, and that's the highest standard. The Court believes that the circumstances under which the fire occurred are suspect; however, I do believe the plaintiff when he says he did not set the fire or anyone under his direction did. I don't think that the insurer and Boston Old Colony excluded every hypothesis.
The plaintiff did establish that others may have had a motive to set the fire, a disgruntled employee. I don't think it was established that the plaintiff was in such dire financial condition. The mortgage on the home may have been behind, was behind. There was no foreclosure imminent or proceedings that had begun. The plaintiff wasn't aware of the tax problems until after the date of the fire. Some of the items that were  that the plaintiff had were on consignment so he could have returned the items or given the dollars to the vendors. So, I'm not certain that the financial condition was such that he would have fired his own business.
Boston Old Colony appeals contending that the trial court erred in failing to grant its motion for a directed verdict and, in the alternative, that the trial court erred in taking the case away from the jury by granting Hussain and Hibernia's motion for directed verdict. Specifically, Boston Old Colony argues (1) that it carried its burden of proving that the fires were set by or at the direction of Hussain, and (2) that there is sufficient evidence in the record from which a reasonable juror could have concluded that Hussain set or caused to be set the fires at his business.
Hussain and Hibernia answered the appeal contending that the trial court's judgment should be amended in part to award damages, penalties, and attorney's fees against Boston Old Colony because of its arbitrary and capricious failure to pay the claims under the policy.

Standard of Review
A trial judge has much discretion in determining whether or not to grant a motion for a directed verdict. Cross v. Cutter Biological, Div. of Miles Inc., 94-1477, (La.App. 4 Cir. 5/29/96), 676 So.2d 131, writ denied, 96-2220 (La.1/10/97), 685 So.2d 142. A motion for a directed verdict is appropriately granted in a jury trial when, after considering all evidentiary inferences in the light most favorable to the movant's opponent, it is clear that the facts and inferences are so overwhelmingly in favor of the moving party that reasonable men could not arrive at a contrary verdict. Delaney v. Whitney Nat. Bank, 96-2144 (La.App. 4 Cir. 11/12/97), 703 So.2d 709, writ denied, 98-0123 (La.3/20/98), 715 So.2d 1211. However, if there is substantial evidence opposed to the motion, i.e., evidence of such quality and weight that reasonable and fair-minded jurors in the exercise of impartial judgment might reach different conclusions, the motion should be denied, and the case submitted to the jury. New Orleans Property Development, Ltd. v. Aetna Cas. and Sur. Co., 93-0692 (La. App. 1 Cir. 4/8/94), 642 So.2d 1312.
On appeal, the standard of review for directed verdicts is whether, viewing the evidence submitted, the appellate court concludes that reasonable people could not reach a contrary verdict. Cross, 676 So.2d at 148.

*30 Discussion

In Sumrall v. Providence Washington Ins. Co., 221 La. 633, 60 So.2d 68 (1952), the Supreme Court held that:
Inasmuch as the defense is arson, the burden rested upon the insurer to establish, by convincing proof, that the fire was of incendiary origin and that plaintiff was responsible for it. It is well settled that the insurer need not prove its case against a plaintiff beyond a reasonable doubt; it suffices that the evidence preponderates in favor of the defense. Proof, of course, may be and invariably is entirely circumstantial. And, in these instances, a finding for defendant is warranted where the evidence is of such import that it will sustain no other reasonable hypothesis but that the claimant is responsible for the fire. Accordingly, the questions presented in matters of this sort are answered by the particular facts of the controversy. (citations omitted).
Boston Old Colony argues that Hussain's motive for burning his business was that his financial condition was dismal and he could not meet his obligations. Further, Boston Old Colony argues that only Hussain, or someone acting at his direction, could have entered the building to set the fires because he and his son were the only people who had keys to the deadbolt and padlock.
However, we find that Boston Old Colony failed to exclude every reasonable hypothesis but that Hussain was responsible for the fire. At trial, Hussain testified he neither set the fire nor knew who set the fire to his business. Hussain testified that even though he was the subject of an official inquiry, he was never arrested or charged with the arson fire. He testified that there were three sets of keysone set of keys was always kept inside the office in a drawer, his son had a set, and he had a set. Hussain further testified that he had three or four people working for him within the six months prior to the fire and that all of the employees had access to the keys that were in the shop. Of significance is Hussain's testimony that he had altercations with two of his former employees whom he caught stealing and fired.
Further, we agree with the trial judge that the evidence was insufficient to establish Hussain's financial motive for arson. First, Hussain's proof of loss totaled $913,193.00; however, Hussain's insurance coverage was only worth $500,000.00. In fact, Paul Dusang, a representative of Boston Old Colony, estimated that the value of the rugs alone was $798,092.76. Second, Dennis McBay, a certified public accountant hired by Boston Old Colony, testified that a failing business has the opportunity to survive by either liquidating the inventory or by filing bankruptcy. Third, even though Hussain did owe outstanding debts at the time of the fire, the record reflects that he did not have a tax lien against him, and that he was making payments to his creditors. Thus, we agree with the trial judge that the evidence did not establish that Hussain's financial condition caused him to commit arson. Accordingly, we hold that a directed verdict in favor of Hussain and Hibernia in the amount of $500,000.00, plus interest and costs, is proper.
We must now consider whether Boston Old Colony was arbitrary and capricious in failing to pay Hussain and Hibernia's claims.
La. R.S. 22:658 provides that all insurers shall pay the amount of any claim due any insured within thirty days of satisfactory proof of loss from the insured. Insurers are liable for penalties when the failure to make payment within thirty days after demand and satisfactory written proof of loss is found to be arbitrary and capricious, or without probable cause. La. R.S. 22:658 B(1).
Under R.S. 22:1220, an insurer has a duty of good faith and fair dealing toward its insured, including the duty to adjust claims fairly and promptly. The insured *31 is entitled to recover any general and special damages, and may recover penalties, occasioned by the insurer's breach of these duties. La. R.S. 22:1220(B) and (C).
A fact finder's conclusion regarding statutory penalties and attorney's fees is in part a factual determination which should not be disturbed unless it is manifestly erroneous. Broussard v. National Union Fire Ins. Co. of Louisiana, 94-1445, 653 So.2d 816, 818 (La.App. 3 Cir. 4/5/95) citing Cameron State Bank v. American Emp. Ins. Co., 401 So.2d 1090 (La.App. 3rd Cir.), writ denied, 409 So.2d 674 (1981); LaHaye v. Allstate Ins. Co., 570 So.2d 460 (La.App. 3rd Cir.1990), writ denied, 575 So.2d 391 (1991).
Given that the fire was the result of arson, and that Hussain was having financial difficulties, we agree with the trial judge that Boston Old Colony's refusal to honor Hussain and Hibernia's claim for coverage was not arbitrary, capricious, or without probable cause under either La. Rev.Stat. 22:658 or La.Rev.Stat. 22:1220. That Boston Old Colony was unable to prove its defense of arson at trial does not change the fact that its initial rejection of the claims was reasonable on its face.
AFFIRMED.
NOTES
[1] Hibernia holds a promissory note in the principal amount of $177,699.02 executed by Sheiks Oriental Rugs. The Note is secured by a Collateral Mortgage which mortgages Sheik's entire inventory.
[2] The District Court granted Hibernia's motion for summary judgment and entered judgment in favor or Hibernia and against Javaid Hussain and Raoof Hussain in the amount of $167,021.11, plus interest and attorney's fees.