897 So.2d 616 (2004)
Clotilde MORRIS
v.
SAFEWAY INSURANCE COMPANY OF LOUISIANA.
No. 2003 CA 1361.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Writ Denied December 17, 2004.
Morton H. Katz, Soren E. Gisleson, New Orleans, for Plaintiff-Appellee Clotilde Morris.
Keith M. Borne, Lafayette, for Defendant-Appellant Safeway Insurance Company of Louisiana.
Before: WHIPPLE, FITZSIMMONS, PETTIGREW, DOWNING, and McCLENDON, JJ.
*617 PETTIGREW, J.
In this action defendant automobile liability insurer appeals from a trial court judgment that awarded its insured damages together with penalties, attorney fees, and costs for its arbitrary and capricious refusal to pay her claim.

FACTS
Clotilde Robinson Morris ("Ms. Morris"), plaintiff herein, claimed to have parked her 1994 Buick Regal under her carport in the late afternoon or early evening of January 13, 2001. At approximately 7:00 the following morning, Ms. Morris discovered that her vehicle was not under her carport. Ms. Morris reported the apparent theft of her vehicle to the Washington Parish Sheriff's Office at approximately 7:26 A.M. When the Washington Parish Sheriff's Office recovered Ms. Morris's vehicle on January 22, 2001, it had been stripped and burned.
As a result of the alleged theft and destruction of her vehicle, Ms. Morris filed a claim with her automobile liability insurer, Safeway Insurance Company of Louisiana ("Safeway"). The automobile policy issued to Ms. Morris by Safeway provided comprehensive coverage for her vehicle. Safeway later determined that Ms. Morris's vehicle was a total loss. After obtaining a taped statement and the disclosure of other personal information from Ms. Morris, Safeway denied payment of her claim based on its belief that Ms. Morris had been involved in the loss of her vehicle.
Upon being advised of the denial of her claim, Ms. Morris filed suit against Safeway for the value of her vehicle together with penalties and attorney fees. Safeway responded to the Petition for Damages by denying any liability to Ms. Morris and asserting the defense that the loss was caused intentionally by or at the direction of Ms. Morris.
A trial on the merits was held in this matter on December 16, 2002. After hearing the testimony and considering the documentary evidence presented, the trial court ruled that while the loss of the vehicle was caused by arson, Safeway failed to establish that Ms. Morris was responsible for the arson. The trial court further held that Safeway had been arbitrary and capricious in its failure to pay Ms. Morris's claim and awarded penalties and attorney fees. Ms. Morris later filed a Motion for a New Trial that came for hearing on March 17, 2003. The judgment on the Motion for a New Trial was granted in part and denied in part, and signed by the trial court on April 2, 2003. From this judgment, Safeway has taken a suspensive appeal.

ISSUES PRESENTED ON APPEAL
In connection with its appeal in this matter, Safeway presents the following issues for consideration and review by this court:
1. Did the [t]rial [c]ourt err in concluding that Safeway... failed to establish the defense of arson advanced by it failing to present convincing proof that [Ms. Morris] was responsible for the arson?
2. Did the [t]rial [c]ourt err in awarding [Ms. Morris] penalties and attorney's fees as a result of Safeway ... denying the claim made by [Ms. Morris]?

STANDARD OF REVIEW
The Louisiana Constitution of 1974 provides that the appellate jurisdiction of the courts of appeal extends to both law and facts. La. Const., art. V, § 10(B). A court of appeal may not overturn a judgment of a trial court absent an error of law or a factual finding that is manifestly erroneous or clearly wrong. See Stobart v. State, Department of Transportation *618 and Development, 617 So.2d 880, 882, n. 2 (La.1993). If the trial court or jury findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

DISCUSSION
The sole issues presented to this court for review are whether Safeway convincingly established its affirmative defense that Ms. Morris was responsible for the arson and whether Ms. Morris was entitled to penalties and attorney fees.
In its oral reason for judgment, the trial court stated:
The question before the Court is to determine  and [Ms. Morris] made a claim for that loss. Called upon her insurance, Safeway, to reimburse her under the policy. That claim was denied and honestly, it was based upon arson.
Now applying the facts of the case, considering the credibility of the witness, all I can say is absolutely without a doubt arson. I cannot say [Safeway] has met its burden or its defense by proving by convincing evidence that [Ms.] Morris was responsible for the arson.
In many cases, guidelines  [Miley v. United States Fidelity and Guaranty Company], a First Circuit case of '95, [94-1204 (La.App. 1 Cir. 4/7/95) 659 So.2d 792; writ denied, 95-1101 (La.6/16/95), 660 So.2d 436] and all of the other cases I looked at...
....
[A]ll refer to a State Supreme Court case in 1979, Rist v. Commercial Union Insurance at 376 So.2d 113, which goes on to state in all these cases use this language: By raising a defense of arson, the insurer has the burden of establishing, by convincing proof, that the fire was of incendiary origin and that the plaintiff was responsible for it. And insurer need not prove its case beyond a reasonable doubt. It suffices that evidence preponderates in favor of the defense.
The burden of proof for the defendant there is a little bit more than a preponderance of the evidence in that they ask for it to be convincing. Not clear and convincing, but convincing.
So to the extent that I can say that I think Safeway was justified in not paying the claim until they concluded the investigation and once the investigation was completed, and they didn't have enough evidence to establish that [Ms.] Morris was involved in an arson involving a car, I think they had a duty to pay the claim at that time.
....
[I]n [Ms. Morris's] petition she files suit under Revised Statute 22:658[1] and 22:[1220][2]. [Louisiana Revised Statute] *619 22:658 refers to her claims to arbitrate and file for damages for the loss of a vehicle...
....
Under the [R.S. 22:]1220, she is entitled to receive twice her damages or $5,000.00, whichever is greater if she proves those are the damages, i.e. like inconvenience, emotional anguish. All that she has listed in her petition and that was heard here today, I don't think she has met that burden of proof. So, she doesn't get to collect the $5,000.00.
On the [R.S. 22:]658, Safeway, once they realize they couldn't meet this burden, they should have paid her. So she gets ten percent of that amount, which I figure it's $650.00. The total stipulated, the total amount of loss  the value of the vehicle was $7,000.00, but that is minus the $250.00 for the deductible which is $6850.00. And ten percent of that would be $685.00.
[Counsel for Safeway]:
I think it should be $675.00, Your Honor.
The Court:
$675.00. Okay. So I award her $6850.00 for the loss of the vehicle plus the ten percent.
[Counsel for Safeway]:
It's $6750.00 not $6850.00.
The Court:
I'm sorry, $6750.00. As well as the ten percent on top of that as $675.00, plus attorney's fees and all costs of these proceedings. And the attorney's fees and costs will be determined at a later date.
Following the rendition of the aforementioned judgment, Ms. Morris filed a Motion for New Trial. Specifically, Ms. Morris pointed out that La. R.S. 22:658 provided for a penalty of ten percent or $1,000.00 whichever is greater. Ms. Morris submitted that the trial court was correct in its factual findings, but argued that the court's award of penalties should be increased from $675.00 to $1,000.00. Ms. Morris also sought an award of damages together with a discretional award of penalties in accordance with La. R.S. 22:1220.
In ruling on Ms. Morris's Motion for New Trial, the trial court granted the motion with respect to its award of penalties pursuant to La. R.S. 22:658, and amended the judgment to reflect increased penalties of $1,000.00. As to the remaining issues relating to penalties pursuant to R.S. 22:1220 A and C, the trial court stated that it was of the opinion that said statute applied strictly to claims by third parties and not to claims by the direct insured.[3] Accordingly, the trial court denied the grant of the Motion for New Trial with respect to these issues.
In examining this matter on appeal, it is clear that Ms. Morris's vehicle was destroyed by a fire of incendiary origin. Mr. Donald David, the investigator with the Special Investigation Unit (SIU) of Safeway who investigated Ms. Morris's claim, testified that in addition to the incendiary nature of the fire, Ms. Morris, in his opinion, also had a significant financial motive for the destruction of her vehicle, and also had possession of the vehicle's keys both before and after the incident. Ms. Morris's vehicle was equipped with a "VAT" theft-deterrent system installed by the car's manufacturer that required a microchip *620 imbedded in the key to start the engine. Mr. David admitted that based upon the findings of his investigation, Safeway denied Ms. Morris's claim.
On cross-examination, Mr. David admitted that Ms. Morris submitted a claims form, a proof of loss, and an affidavit in late January 2001. Mr. David further admitted that he was unaware there existed only fifteen different keys in the VAT system, or that a full set of these keys could be purchased from a locksmith. Finally, Mr. David admitted that he had no knowledge of how remote starter systems worked, and conceded that it was possible that the car could have been towed from Ms. Morris's driveway.
We cannot say that under the facts presented in this case, the evidence was of such import that it would sustain no other reasonable hypothesis but that Ms. Morris was responsible for the fire that destroyed her vehicle. Following a thorough review of the record and relevant jurisprudence, we find that the trial court's transcribed reasons for judgment citing Rist v. Commercial Union Insurance Company, 376 So.2d 113 (La.1979), adequately set forth the burden the insurer was required to meet. In the opinion of this court, the evidence against Ms. Morris was tenuous and circumstantial, thus if Safeway lacked sufficient evidence to establish that Ms. Morris was involved in the arson involving her vehicle, it had a duty to pay her claim timely. Safeway's failure to timely pay Ms. Morris was arbitrary and capricious making it liable for the penalties and attorney fees awarded by the trial court. These assignments are without merit.

CONCLUSION
For the above and foregoing reasons, the judgment of the trial court is hereby affirmed. All costs associated with this appeal shall be assessed against defendant-appellant, Safeway Insurance Company of Louisiana.
AFFIRMED.
DOWNING, J. agrees in part and dissents in part.
I agree that the trial court was not clearly wrong in the factual determination of liability for this fire claim. However, I find the trial court was clearly wrong in finding the insurer liable for penalties and attorney fees.
Just because the insurance company lost the case does not mean their defense was arbitrary, capricious and without probable cause. The legal standard to be applied is whether there is a reasonable disagreement between the insured and the insurer. Broussard v. National Union Fire Ins. Co. of Louisiana, 653 So.2d 816, 818 (La.App. 3 Cir., 1995). Also see, Couch on Insurance, Third Edition, Sec. 207:3. Insurer Conduct Measured by Reasonable Person Standard. Our supreme court applied this standard in Darby v. Safeco Ins. Co. of America, 545 So.2d 1022 (La.1989), although in the converse, reversing a jury finding of penalties and attorney fees, holding that the company was not unreasonable in its defense.
Seldom do the police catch an arsonist in the act. Arson is usually proved through circumstantial evidence. In a civil case the standard is that the insurer must eliminate every reasonable hypothesis, more probable than not. Many cases have incorrectly added, beyond a reasonable certainty, by convincing proof, or other such language, but in a civil case the burden of proof is "more probable than not."
Financial difficulty of the insured is one of the key factors in determining whether the insured was involved in the arson. And we must remember that the insured may be a principal to the arson *621 without being the person who struck the match. Aiding and abetting is sufficient to be a principal to arson. Financial difficulty appears to me to be a bright line in holding a insurer to be reasonable/unreasonable. See U.S. Fidelity & Guaranty Co. v. Hussain, 775 So.2d 27, 1999-2515 (La.App. 4 Cir. 8/2/00), Chisholm v. State Farm Fire & Casualty Co., 618 So.2d 1059 (La.App. 1 Cir.1993). Evidence of financial difficulty was sufficient for the supreme court to reverse the trial court's finding of liability in Sumrall v. Providence Washington Ins. Co. 221 La. 633, 60 So.2d 68 (La.1952).
Is it possible that someone took the time to buy a key off the internet to steal headlights and a bumper from a car. Yes, it is possible but it is not probable, in my opinion. The insurer acted reasonably in its defense.
McCLENDON, J., dissents in part.
I respectfully dissent in part. Pursuant to LSA-R.S. 22:658, an insured is entitled to recover penalties and attorney's fees from an insurer only when the failure to pay a claim was "arbitrary, capricious, or without probable cause." However, based on the specific facts of this case, I do not believe that Safeway's actions were arbitrary, capricious, or without probable cause. The evidence reflects that the vehicle was intentionally burned while the security system was still intact and while Ms. Morris was in possession of both sets of keys. Furthermore, Ms. Morris was delinquent on the note on the vehicle. Although Safeway did not prove that Ms. Morris committed arson, clearly the circumstances justified Safeway's exercise of its right to litigate the issue. The penal provisions of LSA-R.S. 22:658 clearly serve an important function in our judicial system, but should not be applied in such a manner as to deter the right to have legitimate disputes resolved in court. Therefore, I would reverse the award of penalties and attorney's fees. In all other aspects, I concur with the majority opinion.
NOTES
[1] At the time of the rendition of this judgment on December 16, 2002, La. R.S. 22:658 mandated that an insurer pay the amount of any claim due an insured within thirty days after receipt of satisfactory proofs of loss. An insurer's failure to pay within that time would subject the insurer to a penalty of ten percent on the amount found to be due, or one thousand dollars, whichever was greater, together with reasonable attorney fees.
[2] Louisiana Revised Statute 22:1220 provides that an insurer owes to its insured a duty of good faith and fair dealing. The insurer also has an affirmative duty to adjust claims fairly and promptly. An insurer who breaches these duties shall be liable for damages and possibly, penalties.
[3] In the alternative, the trial court ruled that Ms. Morris failed to establish sufficient evidence of any damages she sustained pursuant to La. R.S. 22:1220 A and C.