STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

06-1413

DAVID W. DUHON

VERSUS

STATE FARM MUTUAL AUTOMOBILE
INS. CO.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 101170-E
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

**********

J. DAVID PAINTER
JUDGE

**********

Court composed of John D. Saunders, Glenn B. Gremillion, and J. David Painter, Judges.

**AFFIRMED.**

**April Petry Defelice**
**David Groner, P.L.C.**
**P.O. Box 9207**
**New Iberia, LA 70562-9207**
**Counsel for Plaintiff-Appellant:**
        **David W. Duhon**

**Katherine Paine Martin**
**Gretchen Heider Mayard**
**Katherine P. Martin, P.L.C.**
**P.O. Box 81338**
**Lafayette, LA 70598-1338**
**Counsel for Defendant-Appellee:**
        **State Farm Mutual Automobile Ins. Co.**

**PAINTER, Judge.**

Plaintiff, David W. Duhon (Duhon), filed suit for breach of contract against Defendant, State Farm Mutual Automobile Insurance Company (State Farm), seeking damages, penalties, and attorney's fees based on State Farm's failure to pay a claim made for losses incurred due to the alleged theft of Duhon's vehicle. Duhon now appeals the trial court's grant of summary judgment in favor of State Farm, dismissing his claim for penalties and attorney's fees. For the following reasons, we find no error in the trial court's conclusion that State Farm did not act in bad faith in choosing to investigate the validity of Duhon's claim and, therefore, was not arbitrary and capricious. Accordingly, we affirm the trial court's judgment in all respects.

### FACTUAL AND PROCEDURAL BACKGROUND

Duhon owned a 2002 Ford F150 Harley Davidson special edition pick-up truck with liability, collision, and comprehensive coverage issued by State Farm. Duhon alleges that on the evening of May 22, 2003, this truck was stolen from the parking lot of Koto Restaurant in Baton Rouge while he was inside the restaurant. The truck was equipped with Ford's passive anti-theft system (PATS) and a code alarm system. The PATS requires that a key containing a chip programmed for the vehicle's computer be used to operate the vehicle. Apparently, the vehicle will not start without the programmed chip. The code alarm, if set, disables the vehicle's starter system.

Duhon, a resident of New Iberia, claimed that he had stopped in Baton Rouge on his way home from a shopping trip to New Orleans. Duhon reported the theft to the Baton Rouge Police Department at 6:45 p.m. that same day and to his insurer, State Farm, the next day.

1

On May 27, 2003, Duhon signed an affidavit under oath verifying that his truck was stolen. On or about June 5, 2003, State Farm received information from an anonymous person indicating that Duhon had asked this person to steal the truck and burn it. State Farm also received information from the Louisiana State Police that Troy Donovan had informed the police that Duhon had asked him to dispose of the truck three weeks before the alleged theft.

State Farm then conducted an investigation, which included obtaining Duhon's cell phone records for the day of the alleged theft, taking two recorded statements from Duhon, and taking Duhon's examination under oath. The cell phone records called Duhon's account of his activities on the day of the alleged theft into question. Specifically, the cell phone records showed that Duhon made twenty-seven phone calls between 8:36 a.m. and 3:39 p.m. on May 22, 2003, all of which calls were routed through New Iberia towers. Between 3:42 p.m. and 3:50 p.m., Duhon made three calls which were routed through a St. Martinville tower. There were nine calls routed through a Baton Rouge tower between 5:24 p.m. and 7:11 p.m. Based on this information, State Farm concluded that Duhon could not have been in New Orleans when he said that he was. State Farm then took a second recorded statement from Duhon. During this statement, State Farm learned that Duhon could not identify the mall at which he was allegedly shopping or give any directions to it and that Duhon did not purchase anything, including gas, and had no receipts for that day. Duhon claimed he was in New Orleans on the day in question and arrived in Baton Rouge between 4:00 p.m. and 4:30 p.m. He also stated that after he reported his truck stolen to the police, he went to a gas station across the street from the restaurant and got a ride home from an unknown man who was traveling to Lafayette. However, this version of events was directly contradicted by the cell phone records.

2

State Farm alleged that Duhon's claim included some of the National Insurance Crime Bureau Indicators of Vehicle Theft Fraud: (1) the vehicle was new or late model with no lien holder, (2) the vehicle was recently purchased, and (3) the vehicle was customized. Based on these allegations and the contradictions in Duhon's account of his whereabouts, State Farm conducted an examination under oath of Duhon on July 15, 2003.

State Farm's investigation also revealed some discrepancies concerning the whereabouts of the second key to Duhon's vehicle. In one of his recorded statements, Duhon said that he left one of the windows slightly rolled down because it was hot outside. He went on to say that the second key must have been in the truck when it was stolen because he remembered leaving it there on one occasion when he had opened the truck for his mother. In his examination under oath, Duhon testified that he locked the truck before he entered the restaurant. With regard to the second key, Duhon testified that it was misplaced – he kept that key on the counter of his home, but one day, he noticed that it wasn't there anymore. He testified that he did not worry about its whereabouts because he only needed one key to start the vehicle. In his deposition, Duhon testified that he distinctly remembered setting the alarm, hearing it chirp, and checking the doors to be sure they were locked before entering the restaurant.

Duhon filed suit against State Farm alleging breach of contract. Duhon filed a motion for summary judgment alleging that there was no genuine issue of material fact with regard to State Farm's breach of the insurance contract and its failure to pay the amount of the claim within thirty days after receipt of satisfactory proof of loss, and, therefore, State Farm was subject to penalties and attorney's fees. State Farm filed a cross motion for summary judgment alleging that it was entitled to judgment

as a matter of law because Duhon could not meet his burden of proving that the loss was an accidental loss or theft and could not prove that State Farm was arbitrary and capricious in denying coverage. The trial court denied Duhon's motion for summary judgment and partially denied State Farm's cross motion on the basis that credibility determinations were necessary to decide the issues. However, the trial court granted State Farm's motion with respect to the issue of penalties and attorney's fees, specifically finding that State Farm had not acted in bad faith in choosing to investigate the validity of Duhon's claim rather than simply paying it without question. Accordingly, the trial court dismissed Duhon's claim for penalties and attorney's fees for failure to pay the claim within thirty days. The judgment was designated as a partial final judgment. Duhon's claim for breach of contract remains.

Duhon then filed a motion for new trial based on *Morris v. Safeway Ins. Co. of La.*, 03-1361 (La.App. 1 Cir. 9/17/04), 897 So.2d 616. The motion for new trial was denied, and this appeal followed.

## DISCUSSION

"Appellate courts review grants of summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, that is, whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." *Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc.*, 04-1400, p. 3 (La.App. 3 Cir. 5/3/06), 930 So.2d 1077, 1080. A summary judgment is appropriate where the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(B). The burden of proof is on the mover;

[h]owever, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

La.Code Civ.P. art. 966(C)(2).

Louisiana Code of Civil Procedure article 967(B) provides:

When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.

The threshold question in our review of the trial court's grant of summary judgment, then, is whether there is any genuine issue of material fact regarding whether State Farm had a reasonable basis for challenging Duhon's claim. In determining whether or not a fact is material, we are guided by *Broussard v. Jester*, 04-18, p. 4 (La.App. 3 Cir. 6/16/04), 876 So.2d 940, 942, *writ denied*, 04-1787 (La. 10/15/04), 883 So.2d 1056, wherein this court has stated:

Material facts are those which potentially ensure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606. If there is a genuinely disputed issue of material fact summary judgment is not appropriate. La.Code Civ.P. art. 966(c)(1).

In determining whether an issue is "genuine" for purposes of a summary judgment motion, courts cannot consider the merits, make credibility determinations, evaluate testimony, or weigh evidence. *Simon v. Fasig-Tipton Co. of New York*, 524 So.2d 788 (La.App. 3 Cir.), *writs denied*, 525 So.2d 1049 (La.1988).

We agree with State Farm that the trial court in this case correctly distinguished between a genuine issue of material fact regarding whether Mr. Duhon can prevail on

5

the merits at trial and a genuine issue of material fact as to whether State Farm had a reasonable basis for defending the claim. In its reasons for judgment, the trial court stated:

> This [C]ourt has carefully reviewed the facts presented by both the parties. Of notable concern to the court is the conflict between plaintiff's testimony that he had traveled to New Orleans and back with the clear evidence that cell phone calls were made during this exact time[,] which calls were routed through New Iberia towers and St. Martinville towers. While this evidence alone does not prove that plaintiff's truck was or was not stolen, it certainly calls into question the credibility of plaintiff. Further, State Farm has presented evidence regarding the near impossibility of stealing a car with the type of alarm system plaintiff had installed on his truck. Plaintiff testified that he did activate the alarm when he parked the truck in the restaurant parking lot.

> This case before us is exactly the type of case that jurisprudence warns against utilizing summary judgment. The case is fact sensitive, but more importantly, the outcome of the case will turn on the credibility of witnesses. The Court believes it is necessary to hear the evidence during trial and have the opportunity to ascertain the credibility of the witnesses, in particular, the plaintiff.

> The Court, however, does find it appropriate to grant the Summary Judgment of State Farm as to the issue of arbitrary and capricious failure to pay. The facts presented make it obvious that this is not a clear cut theft or loss of a vehicle. State Farm has not acted in bad faith in choosing to investigate the validity of the stolen vehicle rather than simply paying the claim without question.

We disagree with Duhon's assertions that the trial court made credibility determinations in finding that State Farm was not arbitrary and capricious. The trial court correctly noted that whether or not the vehicle was stolen requires a credibility determination and denied the motions for summary judgment in that respect. The determination of whether State Farm was arbitrary and capricious in its handling of Duhon's claim does not require a credibility determination or weighing of the evidence in this case. The evidence shows that State Farm conducted an investigation of the claim which revealed several inconsistencies in Duhon's story. Duhon presented no evidence to show that State Farm was arbitrary and capricious.

**DECREE**

After reviewing the record and for the above-stated reasons, we agree with the trial court's conclusion that State Farm was neither arbitrary nor capricious in its refusal to pay Duhon's claim within the statutory period. There is no error in the dismissal of Duhon's claim for penalties and attorney's fees for failure to pay his claim within thirty days. Accordingly, we affirm the trial court's judgment in all respects. We cast Plaintiff-Appellant, David W. Duhon, with all costs of this appeal.

**AFFIRMED.**