TERRI F. LOVE, Judge.
| iMs. Ruth Williams claimed to have suffered damages to her personal property as a result of Hurricane Katrina. She filed suit alleging that her insurer, Louisiana Citizens Property Insurance Corporation, acted in bad faith by refusing to pay her claim for property damages.
At the conclusion of the trial on the merits, the trial court found that Ms. Williams failed to satisfy her burden of proving that she had sustained personal property damages and of proving that her insurer’s refusal to pay was arbitrary, capricious and without probable cause.
After a review of the record, we find the trial court’s findings were reasonable and were not clearly wrong or manifestly erroneous.
FACTS AND PROCEDURAL HISTORY
Appellant, Ruth Williams, claims to have suffered personal property damages as a result of Hurricane Katrina on August 29, 2005 to a four-plex which she owned. Ms. Williams filed claims with her flood and property insurer, Louisiana Citizens Property Insurance Corporation (“Louisiana Citizens”). Louisiana Citizens issued payments of approximately $117,000.00 for her flood Uclaim and approximately $85,000.00 for her immoveable property damage and additional living expenses.
The first adjustor from Louisiana Citizens inspected Ms. Williams’ property in September 2005. Subsequent to this inspection, Ms. Williams attended a mediation with Louisiana Citizens.[1] At no time during the initial inspection and the mediation did Ms. Williams file a contents claim. Another inspection was conducted by a Louisiana Citizens adjustor at her property on December 4, 2006. She did not file a contents claim at that time. On August 30, 2007, Ms. Williams filed suit against Louisiana Citizens, asserting breach of contract and alleging that she incurred damages to her immoveable property; she did not allege damages to her personal property or contents.
It was not until settlement discussions, which occurred more than three years after Hurricane Katrina, that Ms. Williams claimed to have lost personal property. She provided Louisiana Citizens with a list of personal property, but she did not provide any receipts or cancelled checks to support her claim.
A trial on the merits was conducted on May 2, 2011. The claims before the trial court were Ms. Williams’ alleged personal property losses and Louisiana Citizen’s alleged bad faith for refusing to pay for the allegedly lost personal property. After taking the matter under advisement, the trial court found that Ms. Williams failed to meet her burden of proof and dismissed Ms. Williams’ claims.
Ms. Williams now appeals and presents six (6) assignments of error.
| ^ASSIGNMENTS OF ERROR
1. Ms. Williams asserts the trial court erred by not finding that Louisiana Citizens Fair Plan failed to act fairly and in good faith by refusing to pay a damage claim without cause and that the insurance company failed to advise her of any reason for nonpayment of the claim.
2. Ms. Williams asserts the trial court erred by ruling that she did not introduce sufficient evidence to prove loss of her personal property through the introduction of certain evidence and testimony.
*500 3. Ms. Williams avers the trial court erred by finding that there was no personal property damage.
4. Ms. Williams submits the trial court further erred by not imposing statutory penalties on Louisiana Citizens Fair Plan for alleged material misrepresentation of the insurance policy coverage during trial.
5. Ms. Williams asserts the trial court erred by overruling her timely objections to the testimony of two witnesses called by the insurance company not listed on the filed witness list.
6. Ms. Williams additionally maintains the trial court erred by not allowing her to present rebuttal testimony.
LAW AND DISCUSSION

Standard of Review

The standard of appellate review of a trial court’s factual findings is well-settled: A court of appeal may not set aside a trial court’s or a jury’s finding of fact |4in the absence of “manifest error” or unless it is “clearly wrong.” The Supreme Court set forth a two-part test for the reversal of a factfinder’s determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State through Dep’t of Transp. and Dev., 617 So.2d 880, 882 (La.1993). On appeal, the issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder’s conclusion was a reasonable one. Id. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989).

Assignment of Error 1

Appellant Williams argues the trial court erred by not finding that Louisiana Citizens failed to act fairly and in good faith by refusing to pay a damage claim, without cause, and that the insurance company failed to advise her of any reason for nonpayment of the claim. We find no merit in this argument.
A fact finder’s conclusion regarding statutory penalties and attorney fees is in part a factual determination which should not be disturbed unless it is manifestly erroneous. U.S. Fidelity & Guaranty Co. v. Hussain, 1999-2515, p. 6 (La.App. 4 Cir. 8/2/00), 775 So.2d 27, 31.
Louisiana Revised Statutes 22:658[2] formerly provided, in pertinent parts:
LA. (1) All insurers issuing any type of contract ... shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured or any party in interest.
[[Image here]]
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor, as provided in R.S. 22:658(A)(1) ... when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of ten percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured, ... together with all reasonable attorney fees for the *501 prosecution and collection of such loss, or in the event a partial payment or tender has been made, ten percent of the difference between the amount paid or tendered and the amount found to be due and all reasonable attorney fees for the prosecution and collection of such amount.
Louisiana Revised Statutes 22:1220[3] provided, in pertinent parts:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured.... Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach.
B. Any one of the following acts, if knowingly committed or performed by an insurer, constitutes a breach of the insurer’s duties imposed in Subsection A:
[[Image here]]
(5) Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause.
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.
|fiIn Calogero v. Safeway Ins. Co. of La., 99-1625, (La.1/19/00), 753 So.2d 170, the Louisiana Supreme Court noted the similarity between the conduct prohibited in La.R.S. 22:658(A)(1) and in La.R.S. 22:1220(B)(5): the failure to timely pay a claim after receiving satisfactory proof of loss when that failure to pay is arbitrary, capricious, or without probable cause. The primary difference is the time periods allowed for payment. Id. Furthermore, La.R.S. 22:658 and La.R.S. 22:1220 are penal in nature and must be strictly construed. Hart v. Allstate Insurance Company, 437 So.2d 823, 827 (La.1983).
A claimant, such as Appellant Williams, who claims entitlement to penalties has the burden of proving the insurer received satisfactory proof of loss as a predicate to a showing that the insurer was arbitrary, capricious, or without probable cause. Id. at 828. It logically follows from this burden that a plaintiff who possesses information that would suffice as satisfactory proof of loss, but does not relay that information to the insurer is not entitled to a finding that the insurer was arbitrary or capricious. Id. The sanction of penalties is not assessed unless a plaintiffs proof is clear that the insurer was in fact arbitrary, capricious, or without probable cause in refusing to pay. Block v. St. Paul Fire & Marine Ins. Co., 32,306, p. 7 (La.App. 2 Cir. 9/22/99), 742 So.2d 746, 751. On rehearing, the Louisiana Supreme Court in Rudloff v. Louisiana Health Services and Indemnity Co., 385 So.2d 767, 771 (La.1980) opined that statutory penalties are inappropriate when the insurer has a reasonable basis to defend the claim and acts in good-faith reliance on that defense. Especially when there is a reasonable and legitimate question as to the extent and causation of a claim, bad faith should not be inferred from an insurer’s failure to pay within the statutory *502 time limits when such reasonable doubts exist. Block, 32,306 at 8, 742 So.2d at 752.
|7The testimony of Ms. Williams revealed that she did not make a claim for content losses until more than three years after Hurricane Katrina, although she had meetings with adjustors from Louisiana Citizens since approximately September 2005. During a mediation that occurred between September 2005 and September 2008, Ms. Williams did not make a claim for personal moveable property. In two letters from Ms. Williams to Louisiana Citizens, which were admitted into evidence without objection, Ms. Williams fails to claim a loss of personal property. Also, in her complaint against Louisiana Citizens to the Louisiana Department of Insurance, which was also admitted into evidence, Ms. Williams indicated that the Federal Emergency Management Agency (FEMA) had paid for her personal property.
Bryan Newell, an adjustor for Louisiana Citizens, testified that during his inspection of Ms. Williams’ property on December 4, 2006, she specifically told him that she had not suffered losses to her personal property at that time. She did, however, tell him about additional structural damage and additional living expense losses. When Ms. Williams was questioned about her statement to Mr. Newell, she stated she did not remember telling him that. Mr. Newell’s testimony further revealed that after he inspected Ms. Williams’ property, he reviewed his report with her and that she did not disagree with it. Even after reviewing Mr. Newell’s report, Ms. Williams did not raise a contents loss with him.
The burden is on the insured to prove arbitrariness, capriciousness or lack of probable cause. Sanders v. Wysocki, 92-1190, p. 8 (La.App. 4 Cir. 1/27/94), 631 So.2d 1330, 1335. We find that based upon the record, the trial court reasonably concluded that Ms. Williams failed to satisfy her burden of proving that Louisiana | ^Citizens acted arbitrarily or capriciously or lacked probable cause in denying her claim and, therefore, Ms. Williams was not entitled to penalties and attorney fees.

Assignments of Error 2 and 3

In her second and third assignments of error, Ms. Williams asserts the trial court erred by: 1) ruling that she did not introduce sufficient evidence to prove loss of her personal property through the introduction of certain evidence and testimony; and 2) finding that there was no personal property damage. We find no merit in Appellant’s arguments.
The trial court assessed the credibility of all witnesses, including Appellant Williams. Upon questioning by the court, Ms. Williams admitted that although she made her purchases with checks, she had not obtained copies of cancelled checks to prove the amounts she claimed she had paid for her personal property. She explained that it was cost prohibitive for her to obtain copies of the cancelled checks. Additionally, Ms. Williams testified that she had no photographs of any of the items she claimed to have lost. Before discarding the moveable property on her loss list, she failed to photograph any of the items. Under further examination by the court, Ms. Williams admitted she did not contact any of the stores where she had allegedly purchased her property to request duplicate receipts.
Ms. Williams waited more than three years after the storm to allege a loss of personal property. She even stated, without provocation, in a complaint to the Louisiana Department of Insurance that FEMA had paid for her personal property. Furthermore, Bryan Newell testified that Ms. Williams specifically told him that she had not sustained any personal property *503 losses at the time of his inspection on December 4, 2006.
|9Ms. Williams called a third party witness, a family friend, Ms. Marilyn Monroe. In response to the court’s questioning, Ms. Monroe admitted she was never present when Ms. Williams allegedly purchased the items she has claimed as having lost during the storm. Therefore, Ms. Monroe had no independent, firsthand knowledge about Ms. Williams’ purchases.
Although Ms. Williams claimed the structure wherein the personal property was allegedly located suffered extensive damage, the testimony and evidence did not support this contention. Bryan Newell testified that there was no displacement of structural framing when he inspected the structure. Mr. Newell further testified that Ms. Williams’ roof was completely replaced — not because of severe damage— but because her previous roof was an asbestos roof and the tiles could not, be matched. According to Mr. Newell, this was common because it is very difficult to match asphalt shingles.
Based upon the testimony and evidence adduced during trial, we find the trial court’s determination that Ms. Williams presented no evidence regarding the quantity, quality or basis for valuation of the items for which she claimed as losses was reasonable.

Assignment of Error 4

Ms. Williams submits the trial court erred by not imposing statutory penalties on Louisiana Citizens for alleged material misrepresentation of the insurance, policy coverage during trial.
Again, we find no merit in Appellant’s assertion, and we fail to view the explanation of the policy coverage by counsel for Appellant and Louisiana Citizens, with the participation of the trial court, as a sanc-tionable action.
|lftAt the conclusion of the coverage discussion, counsel for Ms. Williams did not disagree with or object to the collaborative explanation of the coverage. Furthermore, upon the closing of Louisiana Citizen’s case-in-chief, the court announced that the case would be taken under advisement and asked if the insurance policy had been entered into evidence. The court informed all counsel that the policy would be reviewed. We find nothing in the record that would lead to a finding that the factfinder believed Louisiana Citizens materially misrepresented the coverage of the subject insurance policy.

Assignment of Error 5

Appellant Williams asserts the trial court erred by overruling her timely objections to the testimony of two witnesses called by the insurance company not listed on the filed witness list.
The trial court reviewed the record at the time of Ms. Williams’ objection, and stated that according to the April 8, 2009 pre-trial order, there were no deadlines for disclosing fact witness — only deadlines for providing expert witnesses. One of the witnesses to which Ms. Williams objected was a fact witness and the other was a representative of Louisiana Citizens; therefore, the trial court had a reasonable basis for allowing their testimony.

Assignment of Error 6

Ms. Williams’ final assignment of error asserts the trial court erred by not allowing her to present rebuttal testimony.
The relevance of rebuttal evidence should be tested by whether it is justified by the evidence it purports to rebut. Generally, rebuttal is relevant only by virtue lnof the evidence introduced by the other side, or by issues placed in conflict by the adverse party’s evidence during that party’s case in chief. The defendant must have “opened the door” of relevancy, such *504 as by presenting evidence raising discrepancies, and rebuttal may then directly answer the contention raised by the defense. 75 Am.Jur.2d Trial § 288.
In the case at bar, Appellant Williams attempted to rebut whether or not she had received photographs introduced during the testimony of Bryan New-ell, the Louisiana Citizens adjustor, and whether she told Mr. Newell that she did not have personal property damage. The court concluded that Ms. Williams had already testified during direct examination as to whether she had told Mr. Newell about her personal property damage. Counsel for Ms. Williams agreed and did not object to the court’s determination. Thus, Ms. Williams waived her right to object and cannot seek appellate review of this issue.
DECREE
After a review of the record, we find the trial court’s findings were reasonable and were not clearly wrong or manifestly erroneous.
AFFIRMED AND RENDERED

. The record does not disclose the issues discussed during the mediation.

. Former La.R.S. 22:658 has been renumbered and is now La.R.S. 22:1973. The former statute, as quoted, is applicable to the case at hand.

. Former La.R.S. 22:1220 has been renumbered and is now La.R.S. 22:1973. The former statute, as quoted, is applicable to the case at hand.